UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALISON RAMOS

    Plaintiff,

vs.

MARCO DESTIN, INC.

    Defendant

CIVIL ACTION NO.:

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION**

NOW INTO COURT through undersigned counsel, comes Alison Ramos, who brings collective action claims on behalf of herself and all other employees similarly situated against her former employer, Defendant Marco Destin ("Defendant") for failure to pay them two weeks' pay while they were forced to quarantine due to a diagnosis or exposure to the Coronavirus or COVID-19 in violation of the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended, and specifically Division E of the FFRCA, "The Emergency Paid Sick Leave Act" (hereinafter the "EPSLA") and alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. §1331, this action involving questions of federal law.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Ramos at all times pertinent hereto was a resident of the State of Florida and worked for Defendant from 2018 until October 2020.

4. Named Defendant herein is Marco Destin, Inc., a Florida corporation authorized to and doing business in Okaloosa County, State of Florida under the name "Alvin's Island."

## FACTUAL ALLEGATIONS

5. All previous paragraphs are incorporated as though fully set forth herein.

6. Defendant operates a network of beachwear and souvenir shops under the name "Alvin's Island."

7. Defendant is Plaintiff's "employer" for the purposes of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the FMLA as amended by the Families First Coronavirus Response Act ("FFCRA").

8. Plaintiff worked for Defendant as an hourly employee from 2018 to October 2020.

9. Throughout her employment with Defendant, Plaintiff Ramos performed her duties in an exemplary fashion. Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

10. On or about September 20, 2020, Plaintiff began experiencing the symptoms of COVID-19 and was tested for the same.

11. On September 22, 2020, Plaintiff's first COVID-19 test came back positive.

12. Plaintiff immediately informed her direct supervisor and was advised that she could not return to work until her test results came back negative.

13. Accordingly, Plaintiff took to a second COVID-19, which returned a negative test result on October 10, 2020.

14. Plaintiff immediately advised her employer of her results.

15. The FFCRA provides that employees are entitled to up to 80 hours of paid sick leave at the employee's regular rate of pay when the employee is unable to work because the employee is quarantined (pursuant to Federal, State, or local government order or advice of a health care provider), and/or experiencing COVID-19 symptoms and seeking a medical diagnosis.

16. However, despite testing positive for COVID-19 and being told to quarantine by a health care provider, Plaintiff was not paid for her time away from work in violation of the FFCRA.

17. Defendant's failure to pay Plaintiff in accordance with the FFCRA is not an isolated incident.

18. Defendant's policy is not to pay employees who must take time off due to a COVID-19 diagnosis, in violation of the FFCRA.

## COLLECTIVE ACTION ALLEGATIONS

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff brings the claim for wages asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

21. On March 18, 2020, President Trump signed into law the FFRCA, which created various leave requirements in response to the Covid-19 global pandemic, including the EPSLA which entitles certain employees to take up to two (2) weeks of paid sick leave. On March 27, 2020, President Trump signed in to law the Coronavirus Aid, Relief, and Economic Security Act (hereinafter the "CARES Act"), Public Law 116-136, which amended certain provisions of the EPSLA.

22. The EPSLA also provides that employers who fail to provide paid sick leave as required are considered to have failed to pay minimum wages in violation of section 6 of the FLSA, and that such employers are subject to enforcement proceedings described in sections 16 and 17 of the FLSA. 29 U.S.C. §§206, 216, and 217.

23. In addition, the EPSLA prohibits employers from discharging, disciplining, or in any other manner discriminating against an employee who takes paid sick leave under the EPSLA, files any complaint under or relating to the EPSLA, institutes any proceeding under or relating to the EPSLA, or testifies in any such proceeding. *See* FFCRA §5104, as amended by CARES Act §3611(8). Employers who violate this prohibition are considered to have violated section 15(a)(3) of the FLSA and are subject to the penalties described in sections 216 and 217 of the FLSA. 29 U.S.C. §§215(a)(3), 216, and 217.

24. Accordingly, Plaintiff's claims for violations of the FFCRA and EPSLA may be brought and maintained as an "opt-in" collective action because these wages are due and owing and a violation of the statute is considered as a violation of the FLSA.

25. Under the FLSA, claims asserted by Plaintiff that are similar to the claims for wages of other similarly situated employees may be brought as a Collective Action pursuant to 29 U.S.C. 216(b).

26. Thus, Plaintiff asserts claims on behalf of herself and all similarly situated employees, as follows: "All employees of Defendant who, since April 1, 2020 have been forced to take an absence from work because that employee was quarantined (pursuant to Federal, State, or local government order or advice

of a health care provider), and/or experiencing COVID-19 symptoms and seeking a medical diagnosis, but was not paid for 80 hours of time off of work at their regular rate of pay.

27. Members of the proposed Collective Action Class are similarly situated, as they are subject to a common practice, policy or plan that deprives them of payment mandated by the FFCRA and EPSLA when they must take leave because the employee is quarantined (pursuant to Federal, State, or local government order or advice of a health care provider), and/or experiencing COVID-19 symptoms and seeking a medical diagnosis.

28. Plaintiff is representative of the other current and former employees that comprise their respective proposed Collective Action Class and are acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class. Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

30. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

31. These similarly situated employees may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid COVID-19 sick leave wages, liquidated damages, and attorneys' fees and costs under the FLSA.

### COUNT I:
### VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT ("EPSLA") PROVISIONS OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT ("FFCRA") P.L. 116-136, AS AMENDED AND

32. All previous paragraphs are incorporated as though fully set forth herein.

33. On September 20, 2020, Plaintiff began experiencing symptoms of COVID-19.

34. Her test for COVID-19 came back positive on September 22, 2020.

35. At that time, Plaintiff: (1) was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19; (2) had been advised by a health care provider to self-quarantine related to COVID-19; and (3) Plaintiff was under observation because of a potential COVID-19 diagnosis.

36. Under the FFCRA, employers are to provide their employees with paid sick leave up to two (2) weeks or eighty (80) hours at their regular rate of pay.

37. Defendant failed to pay Plaintiff in accordance with the FFCRA.

38. Defendant was fully aware of the health status of the Plaintiff by virtue of the regular updates she provided to her supervisor.

39. Defendant's failure to pay Plaintiff in accordance with the FFCRA was due to its policy of not paying employees who take leave due the reasons set forth in the FFRCA the pay owed to them under the EPSLA.

## ATTORNEYS FEES

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## JURY DEMAND

41. Plaintiff demands trial by a jury of all issues so triable as of right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the FLSA Collective Action Plaintiffs respectfully request that this Honorable Court:

a. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Emergency Paid Sick Leave Act provisions of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

b. Enter judgment against Defendant that Plaintiff and the FLSA Collective Action Plaintiffs recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) together with legal interest thereon;

c. That Plaintiff and the FLSA Collective Action Plaintiffs recover an award of reasonable attorney fees, costs, and expenses;

d. Plaintiff and the FLSA Collective Action Plaintiffs further pray for such additional relief as the interests of justice may require.

    Respectfully submitted,

/s/ *Mary Bubbett Jackson*
Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594
F: (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff and the FLSA
Collective Action Plaintiffs